IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-222-FL

| | | |
|---|---|---|
| ARTHUR VINCENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BAKER MOTORSPORTS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation (M&R) of United States Magistrate Judge Kimberly A. Swank regarding pro se plaintiff's motion to proceed in forma pauperis and frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). (DE 12). Plaintiff objected to the M&R. (DE 13). Also pending is defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (DE 6). Plaintiff did not respond to defendant's motion. For the following reasons, the court adopts the M&R as its own, remands this action, and denies defendant's motion to dismiss as moot.

**BACKGROUND**

Plaintiff commenced this action on November 27, 2019, in General Court of Justice, Superior Court Division, Cumberland County ("state court"), asserting claims arising out of defendant's repair of plaintiff's motorcycle. Plaintiff filed a notice of removal in this court on May 27, 2020. On June 10, 2020, defendant filed a motion to dismiss, arguing plaintiff's claims are barred pursuant to res judicata.[1] In support, defendant attached an order entered in state court,

---

[1] Defendant did not file a memorandum contemporaneously with the motion, in contravention of Local Civil Rule 7.1(e). The clerk entered two notices of deficiency, reminding defendant of this requirement. However, defendant failed to comply.

dismissing plaintiff's complaint with prejudice. Plaintiff did not respond to defendant's motion to dismiss.

On June 22, 2020, plaintiff filed a motion for leave to proceed in forma pauperis, which was referred to the magistrate judge. On July 6, 2020, the magistrate judge allowed plaintiff's motion to proceed in forma pauperis and entered M&R recommending that: 1) plaintiff's notice of removal be stricken, 2) this action be remanded to state court, and 3) defendant's motion to dismiss be terminated as moot. Plaintiff filed objections on July 29, 2020, relying upon a repair order and invoice.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

B.  Analysis

The magistrate judge correctly determined that plaintiff has not met his burden of demonstrating that removal is proper. As relevant here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed <u>by the defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place were such action is pending." 28 U.S.C. § 1441(a) (emphasis added); <u>see also</u> <u>Palisades Collections LLC v. Shorts</u>, 552 F.3d 327, 333 (4th Cir. 2008) ("In crafting § 1441(a), however, Congress made the choice to refer only to 'the defendant or the defendants,' a choice we must respect."). Accordingly, § 1441(a) does not authorize removal by plaintiff, and this action must be remanded to state court. Plaintiff's objections, which pertain exclusively to the underlying dispute, do not compel a different result.

## CONCLUSION

Based on the foregoing, and upon de novo review of the M&R and the record in this case, the court ADOPTS the M&R, (DE 12), and overrules plaintiff's objections. This matter is REMANDED to the General Court of Justice, Superior Court Division, Cumberland County, North Carolina. Accordingly, defendant's motion to dismiss (DE 6) is DENIED AS MOOT. The clerk is DIRECTED to transmit a certified copy of this order to the clerk of the General Court of Justice, Superior Court Division, Cumberland County, North Carolina, and to file in this case a copy of the clerk's transmittal letter with certified copy of the instant order. Thereafter, the clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of August, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

3

Case 5:20-cv-00222-FL   Document 14   Filed 08/03/20   Page 3 of 3